IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CHARLES SAMUEL JOHNSON, JR.                                                PLAINTIFF

v.                                  Case No. 4:19-cv-4136

SERGEANT GRIFFIE, et al.                                                   DEFENDANTS

### ORDER

Before the Court is a Report and Recommendation filed on November 30, 2020, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 49. Judge Bryant recommends that the Court grant Defendants' Motion for Summary Judgment. ECF No. 37. Plaintiff filed objections. ECF No. 50. The Court finds the matter ripe for consideration.

### I. BACKGROUND

Plaintiff, proceeding *in forma pauperis*, filed his complaint against some Defendants on October 16, 2019. ECF No. 1. Plaintiff filed an amended complaint against all Defendant's on April 6, 2020. ECF No. 19. Plaintiff alleges that Defendants failed to protect him from another inmate's attack on September 26, 2019, under circumstances that violated his constitutional rights. *Id*. at p. 4-11. Plaintiff contends that an altercation on September 24, 2019, in the Miller County Detention Center ("MCDC") between himself and the inmate that would later attack him should have informed the MCDC staff that the inmate posed a threat to Plaintiff's safety and that they should be kept separate. *Id*.

Plaintiff's first claim for failure to protect is stated against Defendants Griffie, Ferral, and Adams in their individual and official capacities. ECF No. 19, p. 6-7. Plaintiff alleges that they

knew of the September 24, 2019, incident and failed to ensure that he was kept separated from the other inmate. *Id*. Plaintiff's second claim for failure to protect is against Defendant Burns in his individual and official capacity. ECF No 19, p. 8. Plaintiff alleges Burns knew of the September 24, 2019, incident and did not take steps to protect Plaintiff. *Id*. Plaintiff's third claim for failure to protect is brought against Defendants Adams and Griffie in their individual and official capacities. ECF No. 19, p. 10. In this claim for failure to protect, Plaintiff alleges "supervisory liability" and asserts that Adams and Griffie knew of the September 24, 2019, incident and failed to properly train and supervise the other officers to keep the inmates separated. *Id*.

Defendants Burns, Ferral, and Griffie filed an answer to Plaintiff's amended complaint on April 8, 2020, and Defendant Adams filed his answer to the amended complaint on April 28, 2020. ECF Nos. 22 and 27. Defendants filed their Motion for Summary Judgment on June 23, 2020. ECF No. 37. Defendants argue that they did not fail to protect Plaintiff in violation of his rights and that they are protected by qualified immunity. ECF No. 38, p. 6, 16. Plaintiff responded in opposition on August 4, 2020. ECF No. 46. Judge Bryant filed his Report and Recommendation on November 30, 2020, recommending that Defendants' Motion for Summary Judgment be granted. ECF No. 49. Defendant filed objections to Judge Bryant's Report and Recommendation on December 15, 2020. ECF No. 50.

## II. SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Hess v. Union Pac. R.R. Co.*, 898 F.3d 852, 856 (8th Cir. 2018) (citation omitted). Summary judgment is a "threshold inquiry of . . . whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they reasonably may be

resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is material only when its resolution affects the outcome of the case. *Id.* at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id.* at 252.

In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the nonmoving party. *Nitsche v. CEO of Osage Valley Elec. Co-Op*, 446 F.3d 841, 845 (8th Cir. 2006). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik v. Cnty. of LeSueur*, 47 F.3d 953, 957 (8th Cir. 1995). However, a party opposing a properly supported summary judgment motion "may not rest upon mere allegations or denials . . . but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.

### III. DISCUSSION

**A. Individual Capacity Claims**

Plaintiff brings a claim for failure to protect against all Defendants in their individual capacities.

"The Eighth Amendment imposes a duty on the part of prison officials to protect prisoners from violence at the hands of other prisoners." *Perkins v. Grimes*, 161 F.3d 1127, 1129 (8th Cir. 1998) (citing *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). Not every injury one prisoner suffers at the hands of another prisoner creates a constitutional violation by the prison officials responsible for that prisoner's safety. *See id*. "A prison official violates the Eighth Amendment only if he acts with deliberate indifference to a substantial risk of harm to the prisoner/detainee." *See Perkins v.*

*Grimes*, 161 F.3d at 1130 (citing *Farmer v. Brennan*, 511 U.S. at 834). "An official is deliberately indifferent if he or she actually knows of the substantial risk and fails to respond reasonably to it . . . ." *Young v. Selk*, 508 F.3d 868, 873 (8th Cir. 2007) (citing *Farmer* 511 U.S. at 844-45). Negligence to a substantial risk alone is insufficient to show deliberate indifference. *See Davis v. Oregon County, Missouri*, 607 F.3d 543, 549 (8th Cir. 2010) (citation omitted). A substantial risk of harm is when the threat is pervasive and requires evidence of frequent violence that puts a detainee in reasonable fear for his or her safety. *See Falls v. Nesbitt*, 966 F.2d 375, 378 (8th Cir. 1992).

Judge Bryant recommends that Defendants be granted summary judgment for Plaintiff's individual capacity claims because Plaintiff has failed to allege facts sufficient to support a claim for violation of his right to be protected from other prisoners. ECF No. 49, p. 13-14. Judge Bryant begins his analysis by noting that Plaintiff failed to present any evidence as to the alleged September 24, 2019 altercation. *Id*. at p. 14. The only indication Judge Bryant finds in the record of any incident on that day is Officer Burns stating that he remembered Plaintiff and the other inmate arguing through a door. *Id*. at p. 9, 14. As for the September 26, 2019 incident in which the inmate attacked Plaintiff, Officer Ferral, the only Defendant present, noted that Plaintiff was the one who aggressively initiated the interaction prior to being struck by the other inmate. *Id*. at p. 3, 13. Judge Bryant notes that every disciplinary report from that day lists Plaintiff as the aggressor and that Plaintiff was punished for a disciplinary infraction after review of the incident. *Id*. at p. 6, 14. Judge Bryant concludes that all the evidence viewed in the light most favorable to Plaintiff fails to show a detainment environment that presented a substantial risk of harm and that his claim against Defendants in their individual capacities must fail. *Id*. at p. 14.

Plaintiff objects to the Report and Recommendation's conclusion that the environment during his confinement shows little evidence of a substantial risk of harm. ECF No. 50. Plaintiff notes that he had informed Captain Adams multiple times of threats of violence to himself from other inmates over the years of his detainment. *Id*. at p. 1-2. He also reiterates that he was attacked on September 24, 2019 in the presence of Officer Burns, but does not offer new evidence to support anything beyond Plaintiff and the other inmate arguing through a door. *Id*. at p. 2.

The Court finds that Judge Bryant's reasoning is sound. The evidence of a substantial risk of harm prior to the incident is negligible as the only indication of risk in the record prior to the attack is an argument Plaintiff and the other inmate had through a door. ECF No. 49, p. 9, 14. This falls far short of a failure to protect claim's requirement of establishing a "pervasive" pattern of threats. *See Falls v. Nesbitt*, 966 F.2d at 378. Incidents where there was enough evidence to show a substantial risk of harm to a detainee and prevent summary judgment on the matter involved far more indications of a risk to the detainee. *See Nelson v. Shuffman*, 603 F.3d 439, 447 (8th Cir. 2010) (holding that an inmate that had an extensive record of sexually assaulting other detainees, sexually harassing and assaulting staff, and continuously making threats of a similar nature to the plaintiff created sufficient evidence of a substantial risk of harm). Also, the disciplinary reports and Plaintiff's subsequent punishment for the September 26, 2019 incident further undermine any contention that the environment itself presented a risk as opposed to Plaintiff creating the risk. ECF No. 49, p. 6, 14. As to Plaintiff's objection that there was a long history of him raising concerns about his safety, Judge Bryant noted that the record shows Plaintiff had made enough frivolous and unsupported claims to MCDC staff regarding his safety that the staff considered it a pattern. ECF No. 49, p. 10. Taken together, the record supports Judge Bryant's conclusion that there is insufficient evidence to support Plaintiff's claim that his right to be protected from other

inmates was violated.  Accordingly, Plaintiff's failure to protect claims against Defendants in their individual capacities must fail.

### B. Failure to Train

Plaintiff's claims against Defendants Griffie and Adams for failure to protect argues for liability due to their supervisory positions.

"A supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity."  *White v. Holmes*, 21 F.3d 277, 280 (8th Cir. 1994) (citation omitted). While a superior cannot be vicariously liable for a violation they did not participate in, they could be liable under a failure to supervise and train.  *See Parrish v. Ball*, 594 F.3d 993, 1002 (8th Cir. 2010). An individual can be held liable under for a failure to train and supervise if they: 1) received notice of a pattern of unconstitutional acts committed by subordinates; 2) demonstrated deliberate indifference to or tacit authorization of the offensive acts; 3) failed to take sufficient remedial action; and 4) such failure proximately caused injury to [Plaintiff].  *See id*.

Judge Bryant concludes that there is no basis for potentially holding Defendants Griffie and Adams liable under supervisor liability because he already determined that a constitutional violation did not occur.  ECF No. 49, p. 15.  Defendant's objections simply reiterate his belief that his right to be protected was violated and that Adams and Griffie bear responsibility as supervisors of other MCDC staff.  ECF No. 50, p. 2-3.

The Court agrees with Judge Bryant. The Court has already determined that Plaintiff failed to allege sufficient facts to support a claim that his right to be protected was violated. Accordingly, Plaintiff's claims against Defendants Adams and Griffie for their role as supervisors necessarily fails because there is no genuine issue regarding whether their subordinates' actions violated Plaintiff's right.  *See Parrish v. Ball*, 594 F.3d at 1002.

### C. Official Capacity Claims

Plaintiff also brought his claims for failure to protect against all Defendants in their official capacities.

"Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself." *See Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998) (citation omitted). Claims against Defendants in their official capacity function as claims against Miller County. *See Murray v. Lene*, 595 F.3d 868, 873 (8th Cir. 2010). A municipality cannot be liable for a § 1983 violation if none of its employees are found to be liable. *See id*.

Judge Bryant concludes that Plaintiff's claims against Defendants in their official capacity must fail. ECF No. 49, p. 16. He does so because Plaintiff never argues that the policies of Miller County itself led to the alleged violation of his rights. *Id*. Judge Bryant notes that the policies highlighted by Plaintiff would have been more likely to prevent his attack and injuries if followed more closely by the MCDC staff. *Id*. at 16-17. Plaintiff's objection does not contend that the policies themselves contributed to the alleged violation of his rights. ECF No. 50, p. 1-3. Plaintiff's references to the MCDC's policies show the opposite. Those policies generally indicate Plaintiff should have been kept away from the inmate who injured him in such a situation. *Id*.

The Court agrees that Plaintiff's claims against Defendants in their official capacities fail. Plaintiff's references to MCDC's official policies indicate that Defendants' alleged violations were not pursuant to any of those policies. Instead, the policies emphasize taking actions, such as keeping feuding inmates separate, that may have prevented Plaintiff's injuries. Plaintiff's objection only continues to emphasize Defendants' failure to perfectly adhere to the official

guidance and does not show how the policies led to any violation. Also, the Court has already concluded that there is no factual basis to support Plaintiff's claim that his right to be protected from other inmates was violated. Accordingly, his claims against Defendants in their official capacities fail on that ground as well. *See Murray v. Lene*, 595 F.3d at 873.

### D. Qualified Immunity

Defendants' summary judgment motion also asserted that they were protected from Plaintiff's claims by qualified immunity.

"Qualified immunity shields a government official from liability when his conduct does not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Krout v. Goemmer*, 583 F.3d 557, 564 (8th Cir. 2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). To determine if an official is entitled to the protection of qualified community the Court must determine: 1) if the facts alleged or shown establish a violation of a constitutional right; and 2) that right was clearly established at the time of the official's action and that a reasonable person would know the conduct was unlawful. *See Scott v. Benson*, 742 F.3d 335, 339 (8th Cir. 2014) (citation omitted).

Judge Bryant concludes that all Defendants have qualified immunity because Plaintiff failed to allege facts sufficient to demonstrate a claim for a violation of his right to be protected from other inmates. ECF No. 49, p. 15-16. Plaintiff's objection does not address this aspect of Judge Bryant's Report and Recommendation and only contends that the facts establish that the MCDC staff violated his rights.

The Court has already concluded that the facts cannot sustain Plaintiff's contention that his constitutional right to be protected from other inmates was violated. Accordingly, the Court must agree with Judge Bryant's conclusion that the Defendants are protected by qualified immunity.

8

## CONCLUSION

Upon *de novo* review of the Report and Recommendation, and for the reasons discussed above, the Court finds Plaintiff's objections insufficient to cause the Court to deviate from Judge Bryant's Report and Recommendation. Accordingly, the Court hereby overrules Plaintiff's objections and adopts the Report and Recommendation (ECF No. 49) *in toto*. Defendants' Motion for Summary Judgment (ECF No. 39) is hereby **GRANTED**. All claims against the Defendants are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 4th day of March, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge